UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W GARRISON,

        Plaintiff,

v.

STATE OF WASHINGTON
DEPARTMENT CORRECTIONS et al.,

        Defendants.

CASE NO. C12-5396 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

MAY 24, 2013

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court recommends dismissal of all claims except plaintiff's allegation of retaliation, , granting defendants' motion for a more definite statement on the remaining claim of retaliation, and denying defendants' motion to stay discovery (ECF No. 33).[1]

---

[1] Plaintiff did not file any response to defendants' motions. On April 24, 2013 -- almost one month after the noting date for defendants' motion -- plaintiff called the Clerk's office and inquired about the status of his case (ECF entry dated April 24, 2013). Plaintiff stated to the clerk that he had no knowledge of the pending motion to dismiss.

REPORT AND RECOMMENDATION - 1

1    While a prisoner is entitled to a number of basic constitutional rights that protect, among

2 other things, his health and right to be free from cruel and unusual punishment, neither plaintiff's

3 custody level nor his classification level are protected by the constitution. Therefore, plaintiff has

4 no constitutional right to a hearing regarding whether he should be released from an intensive

5 management status program, which can best be described as a custody level or classification..

6    Further, plaintiff cannot sue the Department of Corrections, because a state agency

7 cannot be sued in federal court without the state's consent.

8    Nor has plaintiff pled that three other defendants -- Vail, Warner, and Heaward --

9 personally participated in the alleged retaliation claim, and therefore these three defendants

10 cannot be sued on the basis of *respondeat superior*. The Court also recommends granting

11 defendants' motion for a more definite statement as to plaintiff's First Amendment retaliation

12 claim because plaintiff fails to provide any details or facts showing that he participated in

13 protected conduct and that the subsequent actions prison officials took against him were

14 motivated by his protected conduct.

15    Finally, the Court declines to recommend staying discovery when the affirmative defense

16 of qualified immunity has not been raised and facts may be in dispute or plaintiff may need

17 information to comply with the Court's order to file an amended complaint.

18                    STANDARD OF REVIEW

19    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

20 a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

21 ─────────────────────────────────

22 The Court notes that there is an affidavit of service on file and the address listed is plaintiff's address (ECF No. 33, page 19).The Court does not conduct business by telephone. Although plaintiff apparently called the Court, plaintiff has filed no motion or request for continuance.  If plaintiff wishes to object to the pending motion or wants to ask
23 the Court for additional time to file a response, then plaintiff needs to file and properly serve a motion. Because plaintiff has failed to do so here, the Court will not delay the issuing of this Report and Recommendation.

24

REPORT AND RECOMMENDATION - 2

1  theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See,*
2  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).
3        For purposes of ruling on this motion, the Court takes material allegations in the
4  complaint as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*,
5  717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion
6  to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds
7  of his entitlement to relief requires that plaintiff provide more than labels and conclusions, and a
8  formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544,
9  545 (2007) (internal citations omitted). Plaintiff's "factual allegations must be enough to raise a
10 right to relief above the speculative level, on the assumption that all the allegations in the
11 complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to
12 state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro
13 se pleading but it cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir.
14 1992).

15                           FACTS

16       Plaintiff alleges that a prison committee classified him for an intensive management
17 status program. Plaintiff alleges that pursuant to that program he had to be free from major
18 infractions for a twelve month period before prison officials released him back into the general
19 population (ECF No. 16, page 6 ¶ 5). Plaintiff does not contest his original placement on the
20 program. Instead, plaintiff alleges that defendants' policies governing intensive management
21 status programming violated plaintiff's rights by inflicting cruel and unusual punishment, and
22 unequal punishment (ECF No. 16, pages 5-7, Count I). Plaintiff alleges that if he receives a
23 major infraction during his time on intensive management status programming, he must start the
24

1  program over. Plaintiff alleges that this violates his Fifth Amendment right against double
2  jeopardy. *Id*.

3  Plaintiff further alleges that even though a committee made the decision to place plaintiff
4  on an intensive management status program, when hearings officer Heaward found plaintiff
5  guilty of a major infraction, plaintiff's intensive management status program re-started without a
6  committee hearing. *Id*. Plaintiff alleges that after he was placed on intensive management status
7  he received over 50 major infractions. Each time prison officials found plaintiff guilty of a major
8  infraction his intensive management status program started over because plaintiff had to be
9  infraction free for twelve months before prison officials would release him to general population.
10 In Count II of the complaint, plaintiff alleges that he was often placed on pre-hearing
11 confinement, which he calls "pre-hearing sanctions." (ECF No. 16). Plaintiff alleges that the time
12 spent on pre-hearing sanctions is not applied to post hearing-sanctions. Plaintiff alleges that the
13 policy of not applying pre-hearing confinement time to post-hearing sanctions also constitutes
14 double jeopardy, and violated his right to due process (ECF No. 16, Count II, pages 8 and 9).
15 Plaintiff's final claim is that defendants Fraker, Blakeman, Ahrens, Reeder, Zavodny,
16 Nguyen, Hamilton, Cornish, and Lohneis have "a custom, practice, procedure or policy of
17 retaliatory harassment against prisoners who complain about intensive management status and
18 segregation unit customs, practices, procedures or policies." (ECF No. 16, Count III). Plaintiff
19 alleges that after he complained to the Custody Unit Supervisor Blakeman about the intensive
20 management status program, prison staff allegedly targeted plaintiff for harassment. Plaintiff
21 alleges that in retaliation for his complaints, officers Reeder, Zavodny, Nguyen, Cornish, and
22 Hamilton denied him breakfast and lunch meals between September and October in 2009.
23 Plaintiff alleges that these same defendants denied him yard and phone privileges, and the use of
24

REPORT AND RECOMMENDATION - 4

a shower "some fifty plus times between September 2009 and February 2011." Plaintiff also alleges that defendant Zavodny turned on the shower after plaintiff was dressed and "would scramble plaintiff's legal papers." (ECF No. 16, page 11, ¶ 19).

DISCUSSION

A. The Washington State Department of Corrections.

Defendants ask the Court to dismiss the Washington State Department of Corrections because the state is immune from suit in federal court (ECF No. 33). The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996) *overruled in part by Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 363 (2006); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 100-02(1984). The state does not automatically waive Eleventh Amendment immunity in actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332 (1979). The state of Washington has not waived the protection of the Eleventh Amendment. *Edgar v. State*, 92 Wn.2d 217 (1979). Because plaintiff may not sue the Washington State Department of Corrections in federal court without the state's consent, the Court recommends granting defendants' motion to dismiss this defendant.

B. Double jeopardy.

Plaintiff alleges violations of his Fifth Amendment right against double jeopardy because without re-convening a committee, prison officials re-started his intensive management program when he was found guilty of major infractions (ECF No 16, page 6). Plaintiff also alleges a double jeopardy violation when unnamed persons placed plaintiff on pre-hearing confinement.

1  Plaintiff alleges that the hearings officer, defendant Heaward, later sanctioned plaintiff after
2  Heaward had found plaintiff guilty and defendants did not give him credit for the time served on
3  pre hearing confinement (ECF No. 16, page 8).

4  The double jeopardy clause of the Fifth Amendment prohibits, among other things,
5  multiple "punishments" for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717
6  (1969). If the same act or transaction constitutes a violation of two distinct statutory provisions,
7  the test to be applied to determine whether there are two offenses or only one, is whether each
8  provision requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S.
9  299, 304 (1932). Further, double jeopardy only guards against multiple "criminal punishments"
10 for the same offense. *Hudson v. U.S.*, 522 U.S. 93, 99 (1997).

11 Double jeopardy does not normally apply to prison disciplinary proceedings. *Amadeo v.*
12 *Castellaw*, 371 Fed. Appx., 763, 764 (9th Cir. 2010). *U.S. v. Bloom*, 165 Fed. Appx., 565, 567
13 (9th Cir. 2006) (holding that lose of good time and prison discipline for escape did not bar
14 subsequent criminal prosecution for escape). The Ninth Circuit has held that prison sanctions are
15 not "punishment" as the term is used in double jeopardy because the sanctions are solely
16 remedial. *U.S. v. Brown*, 59 F.3d 102, 104-105 (9th Cir. 1995).

17 Using the analysis articulated in *Blockburger*, the Court concludes that restarting plaintiff
18 on the intensive management program each time he was found guilty of a major infraction does
19 not violate double jeopardy. Instead, it is matter of placing plaintiff in a level of custody suitable
20 for his behavior. Hearings officer Heaward's findings of guilt on the major infractions, and
21 being recycled on the intensive management program, require proof of different facts. Prison
22 officials re-started the intensive management program because plaintiff was on a program that
23 required him to be infraction free for twelve months (ECF No. 33, page 8). When defendant
24

REPORT AND RECOMMENDATION - 6

1  Heaward found plaintiff guilty of a major infraction, plaintiff violated the conditions of the

2  intensive management status program. But, when defendant Heaward found plaintiff guilty of the

3  major infraction itself, the fact that plaintiff was on intensive management status was irrelevant.

4  Plaintiff's being on intensive management status was not a fact defendant Heaward had to

5  consider in reaching his findings of guilt. Defendants are entitled to dismissal under this test.

6  Using the analysis set forth in *Brown*, prison discipline is remedial in nature and therefore

7  it does not constitute punishment within the meaning of the double jeopardy clause of the Fifth

8  Amendment. *U.S. v. Brown*, 59 F.3d 102, 104-105 (9th Cir. 1995).

9  Further, prison officials holding plaintiff on pre hearing confinement and then imposing

10  sanctions if he is found guilty does not violate double jeopardy because pre hearing confinement

11  is clearly not punishment. An inmate has no liberty interest in avoiding administrative

12  segregation. *Smith v. Noonan*, 992 F.2d 987, 988 (9th Cir. 1993)(discussing the ability of a

13  prison superintendent to administratively segregate an inmate for a number of reasons).

14  Defendants are entitled to dismissal of plaintiff's Fifth Amendment claims under any of these

15  tests. The Court recommends granting defendants' motion to dismiss Fifth Amendment claims.

16      C.    Due process.

17  Plaintiff alleges that defendants violated his right to due process under the Fourteenth

18  Amendment by re-starting his intensive management status program without reconvening the

19  committee that sent him to intensive management status (ECF No. 16, page 6). The Department

20  of Corrections' intensive management program involves placement --where a person is housed --

21  and custody levels. An inmate has no liberty interest in being placed in any specific prison or at

22  any specific custody level. *Olim v Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*,

23  427 U.S. 215, 224-25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976). Plaintiff has not

24

1  come forward with facts showing that he has a liberty interest in avoiding re-starting intensive
2  management status placement. Further, he does not allege that his original placement on an
3  intensive management program was improper. This decision does not affect the length of
4  plaintiff's prison term. Plaintiff has not alleged any facts showing there is a state created liberty
5  interest at issue. Because there is no liberty interest at stake, holding plaintiff at a higher custody
6  level or more secure prison does not violate any right or duty owed him. The Court recommends
7  granting defendants' motion to dismiss plaintiff's Fourteenth Amendment claims.

8        D.      Equal protection.

9  Plaintiff uses terms such as "equal protection of law" or "unequal punishment"
10 throughout the complaint (ECF No. 16, pages 3, 5, 7, 9).

11 An equal protection claim under the Civil Rights Act, 42 U.S.C. § 1983, requires, as a
12 necessary element, that defendants acted with the intent to discriminate. *Barren v. Harrington*,
13 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must show intentional or purposeful
14 discrimination to sustain an equal protection claim under 42 U.S.C. § 1983.  *See Draper v.*
15 *Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of
16 "intentional or purposeful discrimination"). Evidence of disparate impact on minorities is
17 insufficient to state a claim. *Village of Arlington Heights v. Metropolitan Housing*
18 *DevelopmentCorp.*, 429 U.S. 252, 256 (1977); *Washington v. Davis*, 426 U.S. 229, 239-40
19 (1976).

20 The equal protection clause does not require conditions, practices, and rules at county and
21 state correctional facilities to be identical. *Cooper v. Elrod*, 622 F. Supp. 373 (N.D. Ill. 1985).
22 The United States Supreme Court has observed that "showing that different persons are treated
23 differently is not enough without more, to show a denial of Equal Protection." *Griffin v. County*
24

1 *Sch. Bd. of Prince Edward County*, 377 U.S. 218, 230 (1964). Plaintiff must demonstrate that he
2 was "treated differently [. . .] because he belonged to a protected class." *Seltzer-Bey v. Delo*, 66
3 F.3d 961, 964 (8th Cir. 1995), (*citing Divers v. Department of Corr.*, 921 F.2d 191, 193 (8th Cir.
4 1990)).

5    Plaintiff fails to allege facts that show he was discriminated against because he belongs to
6 a protected class. Plaintiff's equal protection claims fail as a matter of law. The Court
7 recommends that defendants' motion to dismiss be granted with respect to all equal protection
8 claims.

9    E.   Eighth Amendment Claims.

10    Plaintiff alleges defendants Vail's and Warner's policies, which allowed for re-starting
11 plaintiff on the intensive management program, "inflict[ed] cruel and unusual punishment."
12 (ECF No. 33, page 5 and 6).

13    The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth
14 Amendment is violated if an inmate is deprived of the minimal civilized measure of life's
15 necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Young v. Quinlan*, 960 F.2d 351,
16 359 (3rd Cir. 1992). To establish an Eighth Amendment violation, plaintiff must allege both an
17 objective element--that the deprivation was sufficiently serious--and a subjective element--that a
18 prison official acted with deliberate indifference. *Young*, 960 F.2d at 359-60.  To constitute
19 deliberate indifference, an official must know of and disregard an excessive risk to inmate health
20 or safety. The official must be aware of facts from which the inference could be drawn that a
21 substantial risk of serious harm exists; and the official must also draw the inference. *Farmer v.*
22 *Brennan*, 511 U.S. 825, 837 (1994).

23
24

Plaintiff does not allege facts showing any denial of life's necessities. The Court liberally construes a pro se pleading but it cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992). Plaintiff fails to fulfill the basic pleading requirements. Plaintiff has not responded to the motion to dismiss or indicated that he has any facts that would support an Eighth Amendment claim. The Court recommends dismissal of plaintiff's Eighth Amendment claim.

  F. Personal participation.

Defendants argue that defendants Vail and Warner, as former and current Secretaries of the Washington State Department of Corrections, played no role in the alleged violations and, therefore, should be dismissed (ECF No 33, page 7-8).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

1    Defendants' argument that Vail and Warner should be dismissed ignores plaintiff's claim
2 in Count I of the complaint, in which he alleges that it is the prison policies that allow defendants
3 to re-start plaintiff's intensive management status each time he was found guilty of a major
4 infraction. The Court liberally interprets the complaint to infer that high ranking prison officials
5 such as the Secretary play a part in policy making.

6    However, the Court has recommended that Counts I and II of the complaint be dismissed.
7 If the Report and Recommendation is accepted, then defendants Vail, Warner, and Hearings
8 officer Heaward would all be entitled to dismissal for lack of personal participation. Plaintiff has
9 not alleged that any of these three persons played a part in the remaining claim of retaliation. The
10 Court recommends dismissal of Vail, Warner, and Heaward for lack of personal participation if
11 the first two counts are dismissed.

12    G.    Amendment of the complaint.

13    Defendants argue that the Court should not give plaintiff leave to amend the complaint
14 with regards to Counts I and II (ECF No. 33, page 15 and 16). Defendants argue that plaintiff
15 cannot cure the defects in his pleadings.

16    In the Ninth Circuit, a district court should grant leave to amend even if no request had
17 been made unless the court determines that the pleading could not possibly be cured by the
18 allegation of other facts. *Waitson v. Carter*, 668 F.2d 1108, 1117 (9th Cir. 2012). The Court is
19 confident that plaintiff cannot cure his Fifth Amendment double jeopardy claims. The double
20 jeopardy claims failed as a matter of law. Plaintiff's due process claims also fail as plaintiff does
21 not show that any liberty interest protected by the Fourteenth Amendment is implicated in the
22 decision to place him on pre hearing confinement . While plaintiff may be able to plead facts
23 showing that the conditions of intensive management programming violated the Eighth

24

Amendment, the Court will not speculate what those facts might be. The Court recommends giving plaintiff leave to amend if he believes he can state a claim.

H.  More definite statement.

Defendants ask the Court to order that plaintiff file a more definite statement regarding his retaliation claim. The Court recommends granting defendants' motion because plaintiff's allegations are conclusory and do not contain enough specific facts to state a prima facie case of retaliation. Plaintiff simply alleges defendants "have a custom or practice of retaliatory harassment against prisoners whom complain about the unit. Plaintiff alleges he "informed" defendant Blakeman that certain policies violated plaintiff's rights (ECF No. l6, page 10). Plaintiff needs to provide specific information as to what protected activity he claims to have been involved in and plaintiff must allege facts showing a causal connection between his activity and the alleged retaliation.

Further defendants note that plaintiff allegations cover a time frame from September 2009 through April 2012 (ECF No. 33, page 16).  The lack of specificity in the conduct or the dates of the occurrences make it difficult or impossible for defendants to form a response to the allegations.

Fed. R. Civ. P. 12(e) allows for a motion for a more definite statement when the complaint is too vague to reasonably expect defendants to form a responsive pleading. The Court recommends that plaintiff be ordered to file an amended complaint that includes what specific protected conduct he was engaged in, the dates of incidents he claims were retaliatory, what the alleged retaliatory action was, and which defendants were involved. The Court recommends giving plaintiff thirty days from the time the Report and Recommendation is adopted to file his amended complaint.

1     I.     Stay of discovery.

2     Defendants ask the Court to stay discovery pending a ruling on their pending motions. 3 The Court recommends denying defendants' request. Defendants cite the Court to two cases 4 where defendants raised the affirmative defense of qualified immunity. Defendants have not 5 raised that affirmative defense in this case. The court in those two cases stayed discovery, 6 pending a ruling on dispositive motions, which included a ruling on the issue of qualified 7 immunity. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *DiMartini v. Ferrin*, 889 8 F.2d 922, 925-927 (9th Cir. 1989). Qualified immunity precludes discovery until the threshold 9 issue of immunity has been decided. Qualified immunity is "an affirmative defense that must be 10 pleaded by a defendant official". *Harlow v. Fitzgerald*, 475 U.S. 800, 815 (1982)(*citing Gomez* 11 *v. Toledo*, 446 U.S. 635 (1980)). The immunity is "*immunity from suit* rather than a mere defense 12 to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(italic in original). "Until this 13 threshold immunity question is resolved, discovery should not be allowed". *Harlow v.* 14 *Fitzgerald*, 475 U.S. 800, 818 (1982). Defendants' reliance on these two cases for the 15 proposition that a court can simply stay discovery is misplaced.

16     The final case cited by defendants involves the stay of discovery where the facts were not 17 at issue. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). The *Rae* court held that a district 18 court's decision to stay discovery is reviewed for abuse of discretion, but also noted that the 19 district court had "correctly observed" that "discovery is appropriate where there are factual 20 issues raised by the motions." *Id*. Plaintiff could possibly state an Eighth Amendment claim, but 21 he may need additional information which may be within the control of defendants or the 22 Department of Corrections. Further, to provide a more definite statement, plaintiff may need

1 | information from unit logs or other sources that would specify what occurred in the unit on a
2 | specific date. Under these facts, the Court recommends denying the motion to stay discovery.
3 |       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6 | review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
8 | 24, 2013, as noted in the caption.
9 |       Dated this 1st day of _May, 2013.

                                                                                     J. Richard Creatura
                                                                                      United States Magistrate Judge